## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**                    **CRIMINAL NO: 2:21-CR-00285 (01)**

**VERSUS**                                                      **JUDGE JAMES D. CAIN, JR.**

**BRIANI L. DOUCET**                               **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss Indictment (Doc. 45) filed by the defendant, Briani

L. Doucet ("Doucet"), based on the United States Supreme Court's decision in *New York State*

*Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).  The government opposes the motion.

Doc. 47.

## BACKGROUND INFORMATION

The charges against Doucet stem from two traffic stops by the Lafayette, Louisiana Police

Department occurring on August 16, 2020, and September 18, 2020.  In both traffic stops, Doucet

was found with a firearm in her vehicle.  On November 18, 2021, a federal grand jury returned a

two-count indictment against Doucet charging her with two counts of possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g)(1).  Doc. 1.  The indictment also contains a

forfeiture allegation pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  *Id.*  Doucet moves

to dismiss the November 18, 2021, indictment charging her with violations of 18 U.S.C. §

922(g)(1) on the grounds that the statute is unconstitutional post-*Bruen*.  Doc. 45.

## LAW AND ANALYSIS

The Second Amendment to the United States Constitution provides that "[a] well regulated

Militia, being necessary to the security of a free State, the right of the people to keep and bear

Arms, shall not be infringed."  U.S. Const. amend. II.  The Supreme Court has previously held that

"the Second and Fourteenth Amendments protect the right of an ordinary, *law-abiding citizen* to possess a handgun in the home for self-defense." *Bruen*, 142 S.Ct. at 2122 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010)) (emphasis added).  The Supreme Court's recent decision in *Bruen* expanded upon *Heller* to hold that the Second Amendment also protects an individual's right to possess a gun outside of the home for self-defense. *Id.* at 2122.  However, it is also established that "the right secured by the Second Amendment is not unlimited."  *Heller*, 554 U.S. at 626.

The issue presented in *Bruen* concerned a licensing regime instituted by the state of New York under which an applicant for a public-carry handgun license was required to demonstrate a special need for self-defense. *Bruen*, 142 S.Ct. at 2122-23. The Supreme Court rejected the licensing regime, finding that New York's requirements prevented "law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id.* at 2156.  *Bruen* provides the courts with a two-part test to determine if a restriction on the Second Amendment, like the New York licensing regime, is constitutional.  *Id.* at 2129-30.  First, a court must ask whether the "Second Amendment's plaint text covers an individual's conduct."  *Id.*  If the answer is yes, the court must then ask whether "the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.*  A regulation is constitutional only when it is "consistent with the Second Amendment's text and historical understanding." *Id.* at 2131.

*Bruen's* expansion of Second Amendment protections for law-abiding citizens to possess a handgun outside of the home did not expressly find that section 922(g)(1) is unconstitutional. Indeed, both Justice Alito and Justice Kavanaugh, who was joined by Chief Justice Roberts, expressed in their concurrent opinions in *Bruen* that government regulations prohibiting possession of a firearm by a felon should be left undisturbed.   Justice Alito stated: "Our holding decides

nothing about who may lawfully possess a firearm . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* [] about restrictions that may be imposed on the possession or carrying of guns." *Id.* at 2157 (Alito, J., concurring).  Justice Kavanaugh noted that the Second Amendment allows "a 'variety' of gun regulations" and quoted language from Justice Scalia in *Heller*, and reiterated by Justice Alito in *McDonald* as follows:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose…. Nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."

*Id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring).[1] [2]

Since its issuance, courts at all levels are "struggling at every stage of the *Bruen* inquiry." *United States v. Daniels*, 77 F.4th 337, 358 (5th Cir. 2023) (Higginson, J., concurring).  This is demonstrated by the divergent conclusions concerning the application of *Bruen* to section 922(g)(1) by the Third and Eighth Circuits.  The Eighth Circuit has rejected challenges to the constitutionality of section 922(g)(1). *See United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023). Conversely, the Third Circuit has found the provision unconstitutional as applied post-*Bruen*.  *See Range v. Attorney Gen.*, 69 F.4th 96 (3rd Cir. 2023).

---

[1]  Doucet argues that this passage is dicta and does not control the outcome of this case post *Bruen*.  Doc. 45 at 4. Lower courts "are generally bound by Supreme Court dicta, especially when it is 'recent and detailed.'" *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016) (citing *Gearlds v. Entergy Servs. Inc*., 709 F.3d 448, 452 (5th Cir. 2013)).

[2]  Justice Breyer in his dissenting opinion also stated "Like Justice Kavanaugh, I understand the Court's opinion today to cast no doubt on that aspect [prohibitions on the possession of firearms by felons and the mentally ill] of *Heller's* holding." *Bruen*, 142 S.Ct. at 2189 (Breyer, J., joined by Sotomayor and Kagan, J.J., dissenting).

The Fifth Circuit has yet to rule on the effect of Bruen on section 922(g)(1).[3]  However, it has analyzed 18 U.S.C. § 922(g)(8), the criminal statute prohibiting the possession of a firearm while under a domestic violence restraining order, finding that statute unconstitutional as applied post-*Bruen*.  *United States v. Rahimi*, 61 F.4th 443, 461 (5th Cir. 2023).  Therein, the panel examined "the extent to which the Court's 'law-abiding' qualifier constricts the Second Amendment's reach."  *Id.* at 451.  Of note, based on the underlying record, the panel noted that Rahimi did not fall, at the time he was charged under section 922(g)(8), into one of the groups historically stripped of their Second Amendment rights, i.e., felons or the mentally ill, "whose disarmament the Founders 'presumptively' tolerated or would have tolerated."  *Id.* at 452.  "While he was *suspected* of other criminal conduct at the time, Rahimi was not a convicted felon or otherwise subject to another 'longstanding prohibition on the possession of firearms' that would have excluded him."  *Id.* (citing *Heller*, 554 U.S. at 626-27) (emphasis in original).  This point was also noted in an unpublished Fifth Circuit decision involving the plain-error review of a post-conviction appeal where the defendant argued that section 922(g)(1) is now unconstitutional.  *United States v. Washington*, 2023 WL 5275013 (5th Cir. Aug. 16, 2023).  Therein, the panel stated: "we have yet to address the constitutionality of section 922(g)(1) – and, in fact, *Rahimi* suggests that *Bruen's* logic may not extend to this provision."  *Id.* at *1.

Despite the complexity of the test presented in *Bruen*, more than one hundred district courts within the Fifth Circuit have rejected constitutional challenges to section 922(g)(1) based on *Bruen*.  *See United States v. Bazile*, 2023 WL 7112833, at *3-4 (collecting cases).  While lesser in number, there are also district courts within the Fifth Circuit that have held section 922(g)(1)

---

[3] It appears that the Fifth Circuit is waiting to issue a ruling on the constitutionality of section 922(g)(1) until the Supreme Court decides the appeal of *Rahami v. United States*, No. 22-915 (argued Nov. 7, 2023).  *See United States v. Collette*, No. 22-51062, Rec. Doc. 57 (5th Cir. Aug. 16, 2023) (holding that matter in abeyance pending a decision by the Supreme Court in *Rahimi*).

unconstitutional post-*Bruen*.  *See United States v. LeBlanc*, 2023 WL 8756694 (M.D. La. Dec. 19, 2023); *United States v. Bullock*, 2023 WL 4232309 (S.D. Miss. June 28, 2023).

This Court believes that it is still bound by pre-*Bruen* Fifth Circuit precedent upholding section 922(g)(1) until a decision is issued by the Fifth Circuit or Supreme Court regarding the constitutionality of section 922(g)(1) post-*Bruen*.[4]  "[T]he authority to determine whether the Fifth Circuit's pre-*Bruen* precedent regarding the constitutionality of section 922(g)(1) has been overturned by an intervening change in the law lies with the Fifth Circuit alone." *United States v. Morgan*, 2024 WL 150340, at *3 (W.D. La. Jan. 12, 2024) (quoting *United States v. Thompson*, 2023 WL 3159617 at *4 (E.D. La. Apr. 27, 2023)).   As such, this Court finds that section 922(g)(1) remains constitutionally sound at this time under current Fifth Circuit precedent.

## CONCLUSION

For the reasons stated above, the Court will **DENY** the defendant's Motion to Dismiss Indictment (Doc. 45).

**THUS DONE AND SIGNED** in Chambers on this 5th day of April, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[4] Prior to *Bruen*, the Fifth Circuit reaffirmed its own jurisprudence that section 922(g)(1) does not violate the Second Amendment. *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) (reaffirming constitutionality of section 922(g)(1) in light of *Heller*); *United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003).